UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Scott Allan Drouin

    v.                                                Civil No. 18-cv-354-LM
                                                      Opinion No. 2018 DNH 226
Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration

**O R D E R**

Scott Allan Drouin, proceeding pro se, brings this suit seeking judicial review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of the decision of the Acting Commissioner of the Social Security Administration, denying his application for disability insurance benefits and social security income benefits. Drouin moves to reverse the Acting Commissioner's decision, and the Acting Commissioner moves to affirm. For the reasons discussed below, the court denies Drouin's motion to reverse and grants the Acting Commissioner's motion to affirm.

I. Motion to Amend

On August 17, 2018, Drouin filed his motion to reverse the Acting Commissioner's decision. See doc. no. 11. On September 7, 2018, Drouin filed a motion to amend his motion to reverse, see doc. no. 14, in which he asks the court to consider various pages of the administrative record in support of his original

motion.  The Acting Commissioner did not file an objection to Drouin's motion to amend.

The motion to amend is granted.  In light of Drouin's pro se status, the court will consider the motion to amend as an addendum to Drouin's motion to reverse and will consider both filings when reviewing the Acting Commissioner's decision.

II.  Judicial Review

In reviewing the final decision of the Acting Commissioner in a social security case, the court "is limited to determining whether the [Administrative Law Judge] deployed the proper legal standards and found facts upon the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); accord Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001).  The court defers to the ALJ's factual findings as long as they are supported by substantial evidence.  42 U.S.C. §§ 405(g) & 1383(c)(3); see also Fischer v. Colvin, 831 F.3d 31, 34 (1st Cir. 2016). "Substantial evidence is more than a scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Astralis Condo. Ass'n v. Sec'y Dep't of Housing & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010). In determining whether a claimant is disabled, the ALJ follows a five-step sequential analysis.  20 C.F.R. §§ 404.1520(a)(4) &

416.920(a)(4).[1]  The claimant "has the burden of production and proof at the first four steps of the process."  Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).  The first three steps are (1) determining whether the claimant is engaged in substantial gainful activity; (2) determining whether he has a severe impairment; and (3) determining whether the impairment meets or equals a listed impairment.  20 C.F.R. §§ 404.1520(a)(4)(i)-(iii).

At the fourth step of the sequential analysis, the ALJ assesses the claimant's residual functional capacity ("RFC"), which is a determination of the most a person can do in a work setting despite his limitations caused by impairments, id. § 404.1545(a)(1), and his past relevant work, id. § 404.1520(a)(4)(iv).  If the claimant can perform his past relevant work, the ALJ will find that the claimant is not disabled.  See id. § 404.1520(a)(4)(iv).  If the claimant cannot perform his past relevant work, the ALJ proceeds to Step Five, in which the ALJ has the burden of showing that jobs exist in the economy which the claimant can do in light of the RFC assessment.  See id. § 404.1520(a)(4)(v).

---

[1] Because the pertinent regulations governing disability insurance benefits at 20 C.F.R. Part 404 are the same as the pertinent regulations governing supplemental security income at 20 C.F.R. Part 416, the court will cite only Part 404 regulations.  See Reagan v. Sec'y of Health & Human Servs., 877 F.2d 123, 124 (1st Cir. 1989).

3

A.   Background[2]

On December 30, 2014, Drouin filed an application for disability insurance benefits and supplemental security income benefits, alleging a disability onset date of March 31, 2014.[3] His claims were denied at the initial level on June 9, 2015.

On June 9, 2016, Drouin, represented by counsel, appeared before an Administrative Law Judge ("ALJ") for a hearing. Drouin testified about his ailments, including difficulties he had using his thumbs. During Drouin's testimony, the ALJ noted that there was insufficient medical opinion evidence in the record regarding the effect of Drouin's thumb impairment. The ALJ referred Drouin to an independent medical examiner and continued the hearing.

---

[2] When Drouin filed his complaint in this case, the local rules of this district required the parties to file a Joint Statement of Material Facts. The Acting Commissioner proposed to Drouin a statement of material facts, but Drouin "entirely disagree[s] with" it. Doc. no. 15 at 1. The facts provided in this section are taken from the administrative record.

[3] Drouin's filings suggest that he believes his disability onset date should have been deemed to be January 29, 2014, and this discrepancy appears to be the main reason he did not agree with the Acting Commissioner's proposed Joint Statement of Material Facts. Drouin's application for Social Security benefits lists his alleged onset date as March 31, 2014. See Admin. Rec. at 558.

On January 12, 2017, Drouin appeared for a second hearing before the ALJ.  Drouin, who was still represented by counsel at that time, testified, as did an independent vocational expert.

On February 22, 2017, the ALJ issued an unfavorable decision.  The ALJ found that Drouin had the residual functional capacity to perform light work with certain restrictions.  Relying on the vocational expert's testimony, the ALJ found at Step Five that Drouin was capable of performing jobs that exist in the national economy and, therefore, was not disabled.

Drouin requested review by the Appeals Council and submitted additional evidence in support of his claims.  The Appeals Council denied Drouin's request for review on December 14, 2017, making the ALJ's decision the Acting Commissioner's final decision.  This action followed.

B.  Discussion

Drouin, proceeding pro se, moves to reverse the Acting Commissioner's decision, but he does not point to any alleged error by the ALJ.  In his motion, Drouin states:

> 1) I would like this court to reverse and remand this case back to the ALJ Joshua Menard with all the evidence and records in the transcript including all the evidence after the ALJ made his unfavorable decision and all records and evidence sent to the Appeals Council after 2-22-2017.  For reasons: Illegal representation – W/C – SS
>
> 2) Discipline the attorneys who mis-represented me or at least with W/C allow my hands to be covered.

5

Doc. no. 11 at 1. Drouin's addendum contains no allegations, but merely asks the court to refer to certain pages in the administrative record when ruling on his motion. See doc. no. 14 at 1.

The addendum also includes a Citizen Complaint Report to the United States Attorney's Office, in which Drouin complains about the Social Security Administration, an attorney,[4] and certain hospitals. Id. at 3. In his Complaint Report, Drouin alleges that the Social Security Administration "was in bed with" his workers compensation doctors and his lawyer, which is why his claim was denied.[5]

The court is unable to discern from Drouin's filings any meaningful challenge to the Acting Commissioner's decision. Although Drouin is proceeding pro se, and thus "held to a less stringent standard," he is "not immune from [the] requirements" of making "some effort at developed argumentation."[6] Watson v.

---

[4] The attorney about whom Drouin complains is not the attorney who represented him at his hearing before the ALJ.

[5] Drouin has since submitted additional filings that contain various mail delivery slips and package information. The relevancy of these filings is unclear.

[6] Importantly, Drouin was represented by counsel during the ALJ hearing, and the record does not show that Drouin suffers from a mental disability. Cf. Torres-Pagán v. Berryhill, 899 F.3d 54, 59-60 (1st Cir. 2018) (vacating district court's judgment and directing remand to the Commissioner where claimant was unrepresented by counsel during the hearing before the ALJ,

6

Trans Union LLC, 223 F. App'x 5, 6 (1st Cir. 2007); see Lawton v. Astrue, No. 11-cv-189-JD, 2012 WL 3019954, at *6 (D.N.H. July 24, 2012) ("When presented with an inadequate motion to reverse the Commissioner's decision, it is not the court's job to create and develop arguments to support the motion."). That principle remains true in challenges to adverse decisions in social security cases. See Tarantino v. Astrue, No. CA 10-30004-MAP, 2011 WL 1540207, at *4 (D. Mass. Apr. 19, 2011) ("Plaintiff's failure to make any argument is reason enough to deny his motion to reverse and, concomitantly, allow the Commissioner's motion to affirm. This is so, even taking into account the leniency the court extends to pro se litigants." (internal citations omitted)); see also Zapata v. Astrue, No. 11-CV-10882-RGS, 2011 WL 6834989, at *2 (D. Mass. Dec. 29, 2011) (granting Commissioner's motion to affirm where pro se claimant failed "to point to any of the ALJ's findings which are not supported by substantial evidence or to articulate any perceived flaws in the ALJ's analysis of the medical records").[7]

---

the claimant was undergoing psychiatric treatment, and the ALJ effectively ignored mental-health treatment records).

[7] The court has reviewed the pages of the Administrative Record cited in Drouin's addendum. They do not help clarify any argument that Drouin may have intended to raise.

For these reasons, the court denies Drouin's motion to reverse and grants the Acting Commissioner's motion to affirm.[8]

**CONCLUSION**

For the foregoing reasons, the claimant's motion to amend (doc. no. 14) is granted, and his motion to reverse and remand (doc. no. 11) is denied. The Acting Commissioner's motion to affirm (doc. no. 18) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

November 13, 2018

cc: Scott Allan Drouin, pro se
    Sarah E. Choi, Esq.
    John J. Engel, Esq.

---

[8] The court notes for the sake of completeness that, as thoroughly argued by the Acting Commissioner, substantial evidence supports the ALJ's decision in any event.

8